## THE EDWIN, etc.[1]

### (*District Court, S. D. New York.* February 18, 1885.)

**1. SEAMEN—COMPLETION OF VOYAGE—SHIPPING ARTICLES.**

Libelants shipped as seamen on board the bark E., and signed articles for "a voyage from Iquiqui, So. Am., to Hampton Roads, for orders, and to any port or ports wherever the master may direct in the U. S. of America * * *; the voyage not to exceed eight calendar months." At Hampton Roads the vessel received orders for New York, where, on arrival, she discharged all her cargo. The libelants then left the vessel, and were entered in the log as deserters by the captain, who refused in consequence to pay the balance of wages up to the time they left. *Held,* that had there been other parts of cargo to be delivered at other ports, under orders received at Hampton Roads, the voyage would not have terminated until the delivery of the residue of the cargo. As it was, the voyage provided for by the shipping articles terminated at New York; the libelants were there entitled to their discharge, and could not be treated as deserters.

**2. SAME—RATE OF WAGES.**

One of the libelants shipped as second mate, but was afterwards justifiably disrated. *Held,* that he was entitled only to the same wages as the other able seamen for the remainder of the voyage.

**3. ARTICLES SOLD TO SEAMEN.**

Articles sold to seamen by the master during the voyage are allowed as an

[1] Reported by R. D. & Edward Benedict, Esqs., of the New York bar.

offset to wages, at a rate not above 10 per cent. over the cost to the master.   A charge in excess of that *held* unreasonable and oppressive.   Act June 26, 1884.

In Admiralty.

*Alexander & Ash,* for libelants.

*John R. Walker,* for claimants.

BROWN, J.   In January, 1884, the libelants shipped as seamen on board the bark Edwin, and signed shipping articles for "a voyage from Iquiqui, So. Am., to Hampton Roads for orders, and to any port or ports wherever the master may direct in the U. S. of America or Dominion of Canada; the voyage not to exceed eight calendar months." The vessel proceeded to Hampton Roads, and there received orders to deliver the cargo in New York, where she arrived in June, 1884, and there discharged all her cargo.   The libelants thereupon quitted the ship, taking their clothes with them.   The master, claiming that the shipping articles bound them to the ship for eight months, entered them in the log as deserters, and refused to pay the balance of wages up to the time they left.   The articles provided for only *one* voyage; not for one or more voyages during eight calendar months.   In my judgment the one voyage stipulated for was ended at New York.   New York was the destination fixed by the orders at Hampton Roads; and by the delivery of all the cargo at New York the voyage became ended there.   There remained nothing more for the ship to do to complete that voyage.   Thenceforward the ship had to seek new employment and a new voyage.   Had there been other parts of the cargo to be delivered at other ports, under the orders received at Hampton Roads, the voyage would not have been terminated at New York, nor until the delivery of the residue of the cargo at the various ports designated.   The libelants were entitled to their discharge in New York, and cannot, therefore, be treated as deserters.

Hendricks shipped as second mate at the rate of £6-6s. per month. He entered upon his duties January 25th.   The testimony satisfies me that he was not competent for the proper discharge of the duties of second mate, and that he was justifiably disrated by the captain, according to the entry in the log on the eighteenth of February. After that date he is entitled to wages at the rate only of £3-10s., the wages of the other able seamen on the voyage.   The articles sold to the seamen during the voyage, and charged against them in the master's account, are allowed at the prices charged, so far as these charges do not exceed an advance of 10 per cent. over the prices actually paid for them by the master.   Ten per cent. is a reasonable compensation for his trouble, and the charges in excess of that are disallowed as unreasonable and oppressive.   See Act June 26, 1884.   The parties will probably be able to compute the amount due to the libelants upon the basis of this decision; if not, a reference may be taken for that purpose.

The libelants are entitled to costs.